IN THE
UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| ANTHONY ASHFORD,<br>　　　Plaintiff,<br><br>v.<br><br>GREG DONATHAN, *et al.*,<br>　　　Defendants. | Case No. 4:25-cv-04183-JEH |

### Merit Review Order

　　Plaintiff Anthony Ashford, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, files a Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 1). This case is before the Court for a merit review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A.

　　Plaintiff also seeks leave to proceed *in forma pauperis*. (Doc. 4). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Complaint states a federal claim.

I

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II

Plaintiff files suit against Defendant Program Director Greg Donathan, Assistant Program Director Erin Posey, and Security Director Cherryle Hinthorne.

In September 2024, Plaintiff was notified he would be moved to the Alpha 2 housing unit with roommate J. Jackson, who had severe seizures. Plaintiff refused his housing assignment because he did not want to be responsible for Jackson's health and safety. A group of unidentified staff members with riot gear came to Plaintiff's cell and directed him to cuff up. When Plaintiff refused, the staff members opened his chuckhole, tossed pepper bombs into his cell, and sprayed him with pepper spray. Plaintiff claims Defendants Donathan, Posey, and Hinthorne used excessive force against him by approving the use the chemical agents.

When the cell door was opened, Plaintiff was handcuffed and escorted to the healthcare unit. Plaintiff rinsed off the chemicals and was placed in an observation cell for 24 hours.

On September 17 or 18, 2024, Plaintiff was taken to the segregation unit. The Behavior Committee imposed 30 days on close status. Plaintiff asserts the January 2024 rulebook states that inmates who refuse a housing assignment may be moved to a different housing unit, not segregation.

While in segregation, Plaintiff alleges he was not given his shoes, clothing, or property. A note was placed on Plaintiff's former cell stating that no one was allowed entry without approval from Defendants Posey or Hinthorne. Plaintiff alleges he wrote multiple requests for his property to Defendants Donathan, Posey, and Hinthorne.

On October 25, 2024, Plaintiff was given his property. When he walked into the room, he was "bombarded with the pepper spray smell that was coming off [his] property." (Doc. 1 at p. 9). Plaintiff alleges his "property had been marinating/stewing for at least 39 days," causing damage to his clothes, food, papers, books, stereo, and video game system. *Id.* Some items were also missing and destroyed. Plaintiff alleges he wrote to Defendants Donathan, Posey, and Hinthorne about his lost or damaged property and inquired who was responsible for shaking down his cell, but he did not receive a response.

### III

The Due Process Clause of the Fourteenth Amendment prohibits states from "depriv[ing] any person of life, liberty, or property, without due process of law." U.S. Const. Amend. XIV, § 1. "To state a property loss claim under the Fourteenth Amendment, Plaintiff must establish a deprivation of liberty or property without due process of law. If the state provides an adequate remedy, Plaintiff has no civil rights claim." *Cason v. Hare*, No. 19-CV-00885-JPG, 2019 WL 6054823, at *2 (S.D. Ill. Nov. 15, 2019) (citing *Hudson v. Palmer*, 468 U.S. 517, 530-36 (1984)). "[T]he Seventh Circuit has found that Illinois provides an adequate post-deprivation remedy in an action for damages in the Illinois Court of Claims. Thus, Plaintiff must pursue

any claims for the loss of his property in the Illinois Court of Claims." *Harbaugh v. Scott*, No. 19-4240, 2020 WL 1917831, at *3 (C.D. Ill. Apr. 20, 2020) (quoting *Cason*, 2019 WL 6054823, at *2) (internal citations omitted). Plaintiff fails to state a claim against Defendants based on his missing and damaged property.

Plaintiff alleges Defendants Donathan, Posey, and Hinthorne used excessive force by approving the use of chemical agents when he refused to leave his cell. However, Plaintiff does not allege that Defendants were present or personally involved in placing pepper bombs in his cell or pepper spraying him. There is no *respondeat superior* under § 1983. In other words, Defendants Donathan, Posey, and Hinthorne cannot be liable solely based on their supervisory roles. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). Plaintiff did not include any specific allegations to demonstrate that Defendants were personally involved in any constitutional deprivation. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996). Defendants Donathan, Posey, and Hinthorne are dismissed without prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A.

Plaintiff's Complaint is dismissed without prejudice for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with

prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.

Based on the dismissal of Plaintiff's Complaint, Plaintiff's Motion to Proceed *in forma pauperis* is denied. Plaintiff may file a renewed Motion if he files an Amended Complaint.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Complaint is DISMISSED WITHOUT PREJUDICE for failure to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. § 1915A. The Court will allow Plaintiff a final opportunity to file an Amended Complaint within 30 days of this Order. If Plaintiff fails to file a timely Amended Complaint, or if the Amended Complaint fails to state a claim for relief, his case will be dismissed with prejudice. Plaintiff's Amended Complaint will replace Plaintiff's Complaint in its entirety. The Amended Complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's Motion to Proceed *in forma pauperis* [4] is DENIED with leave to renew if Plaintiff files an Amended Complaint.**

*It is so ordered.*

Entered: December 18, 2025

s/Jonathan E. Hawley
U.S. District Judge