E-FILED
Friday, 27 March, 2026  02:02:58 PM
Clerk, U.S. District Court, ILCD

## IN THE
## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

ANTHONY ASHFORD,
    Plaintiff,

v.                                                    Case No. 4:25-cv-04183-JEH

GREG DONATHAN, *et al.*,
    Defendants.

### Merit Review Order

Plaintiff Anthony Ashford, proceeding *pro se* and civilly detained in the Rushville Treatment and Detention Facility ("Rushville") pursuant to the Illinois Sexually Violent Persons Commitment Act, 725 ILCS 207/1, files an Amended Complaint under 42 U.S.C. § 1983 alleging violations of his constitutional rights. (Doc. 8). This case is before the Court for a merit review of Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A.

**I**

Plaintiff also seeks leave to proceed *in forma pauperis*. (Doc. 10). The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). Accordingly, this Court will grant leave to proceed *in forma pauperis* only if Plaintiff's Amended Complaint states a federal claim.

1

## II

The Court must "screen" Plaintiff's Amended Complaint and dismiss any legally insufficient claim or the entire action if warranted. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Amended Complaint, the Court accepts the factual allegations as true, liberally construing them in the Plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## III

Plaintiff files suit against Defendants Program Director Greg Donathan, Assistant Program Director Erin Posey, and Security Director Cherryle Hinthorne.

On September 11 or 12, 2024, Plaintiff was notified he would be assigned to the Alpha 2 unit with roommate, J. Jackson, who had serious medical conditions. Pursuant to TDF policy, Plaintiff immediately notified the Rooming Committee and Orange Team that he would not be responsible for Mr. Jackson's health and safety, but Plaintiff did not receive a response.

Plaintiff alleges Defendants Donathan, Posey, and Hinthorne established a policy or practice of assigning residents to cells with roommates who have mental and physical illnesses. Plaintiff alleges this policy or practice endangered him and Mr. Jackson, who would need immediate medical care.

On September 17, 2024, Plaintiff refused to move to his new room with Mr. Jackson. Defendants Donathan, Posey, and Hinthorne allegedly dispatched the tactical unit, even though Plaintiff did not pose a threat to safety and was willing to move to the Fox Unit. Plaintiff alleges the tactical team used excessive amounts

of chemical agents to force him to move his new room. Plaintiff claims Defendants have dispatched the tactical unit upon only African American residents since 2023 when they began deploying the use of chemical agents.

On September 18, 2024, Plaintiff received a notice to appear before the Behavior Committee. On September 19, 2024, Plaintiff alleges he appeared before "an all white behavior committee" and was found guilty of interfering with facility operations. Plaintiff remained on temporary special management status ("TSMS").

Between September 17, 2024 and October 2024, Plaintiff alleges he was housed in the Fox unit, a "supermaximum security prison unit," with deplorable conditions *Id.* at p. 7. Plaintiff claims he was denied a mattress and forced to lay on a concreate slab. Plaintiff alleges there was blood, dead insects, and food all over, and he was forced to walk barefoot on the dirty floor. Plaintiff also asserts he denied cleaning supplies, hygiene items, and a change of clothes.

While Plaintiff was housed in the Fox unit, the property in his room "stewed" in the chemical agents the tactical unit had used. *Id.* On October 25, 2024, Plaintiff was provided with his personal property. Plaintiff alleges the strong smell of chemical agents emanating from his property caused him to cough. Plaintiff alleges his property was damaged by the chemical agents.

## IV

In a conclusory fashion, Plaintiff alleges Defendants "have dispatched the tactical unit upon only African Americans since 2023 when they begun [sic] deploying the use of chemical agents." (Doc. 8 at p. 5). Plaintiff does not allege that he is African American or that Defendants did not dispatch the tactical team in situations where residents of other races refused rooming assignments. Plaintiff's allegations are insufficient to proceed on an Equal Protection claim.

Plaintiff does not allege that Defendants were personally involved in any deprivations of his constitutional rights. *See Vance v. Peters*, 97 F.3d 987, 991 (7th

Cir. 1996). For instance, Plaintiff does not allege that Defendants were present or used chemical agents on September 17, 2024, that they were members of the Behavior Committee during the hearing on September 19, 2024, that they were aware the allegedly deplorable conditions in the Fox Unit between September and October 2024, or denied Plaintiff's requests for cleaning supplies, hygiene items, or a change of clothes.

There is no *respondeat superior* under § 1983. In other words, Defendants cannot be liable solely based on their supervisory roles. *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir. 2019). Officials are accountable for their own acts; they are not vicariously liable for the conduct of subordinates. *See Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009); *Vance v. Rumsfeld*, 701 F.3d 193, 203-05 (7th Cir. 2012) (en banc). If prison officials are named, they must be named in their individual capacities, and Plaintiff must allege that the official personally participated in the deprivation or was deliberately reckless as to the misconduct of subordinates or was aware and condoned, acquiesced, or turned a blind eye to it. *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001).

Plaintiff's Amended Complaint is dismissed with prejudice for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and § 1915A. The Court finds that any further amendment would be futile, as Plaintiff has had multiple opportunities to allege a cognizable claim based on these facts and has failed to do so.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Amended Complaint is DISMISSED WITH PREJUDICE for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any further amendment would be futile. The Clerk is directed to close this case and enter judgment.**

2) **Plaintiff's Petition to Proceed *in forma pauperis* [10] is DENIED.**

3) **If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST identify the issues Plaintiff will present on appeal to assist the Court in determining whether the appeal is taken in good faith. *See* Fed. R. App. P. 24(a)(1)(c); *see also Celske v. Edwards*, 164 F.3d 396, 398 (7th Cir. 1999) (stating that an appellant should be allowed to submit a statement of the grounds for appealing so that the district judge "can make a reasonable assessment of the issue of good faith"); *Walker v. O'Brien*, 216 F.3d 626, 632 (7th Cir. 2000) (providing that a good-faith appeal is an appeal that "a reasonable person could suppose . . . has some merit" from a legal perspective). If Plaintiff does choose to appeal, he will be liable for the $605.00 appellate filing fee regardless of the outcome of the appeal.**

*It is so ordered.*

Entered: March 27, 2026

s/Jonathan E. Hawley
U.S. District Judge